Christopher P. Wesierski [Bar No. 086736]
 *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
 *mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant, COUNTY OF SAN BERNARDINO; BRANDON CLANCY AND WYATT EISENBREY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORMAN GAINER, individually and as Successor-In-Interest to Decedent Ryan Gainer; SHARON HAYWOOD, individually and as Successor-In-Interest to Decedent Ryan Gainer; REBECCA GAINER, an individual, and WILLIAM ROPER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN BERNARDINO, a municipal entity; BRANDON CLANCY, individually and in his official capacity as Sheriff's Deputy for the San Bernardino County Sheriff's Department; and WYATT EISENBREY, individually and in his official capacity as Sheriff's Deputy for the San Bernardino County Sheriff's Department, and DOES 1 through 50, inclusive, individually and in official capacity as deputies for the County of San Bernardino Sheriff's Department, <br><br> Defendants. | Case No. 5:24-cv-01438-KK-SP <br><br> **DEFENDANTS COUNTY OF SAN BERNARDINO, BRANDON CLANCY AND WYATT EISENBREY'S ANSWER TO COMPLAINT AND DEMAND FOR JURY** <br><br> Trial Date:        None Set |

Defendants, COUNTY OF SAN BERNARDINO; BRANDON CLANCY, individually and in his official capacity as Sheriff's Deputy for the San Bernardino

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

County Sheriff's Department; and WYATT EISENBREY, individually and in his official capacity as Sheriff's Deputy for the San Bernardino County Sheriff's Department ("Defendants") hereby answer the Complaint ("Complaint") filed by the Plaintiffs NORMAN GAINER, individually and as Successor-In-Interest to Decedent Ryan Gainer, SHARON HAYWOOD, individually and as Successor-In-Interest to Decedent Ryan Gainer, REBECCA GAINER, an individual, and WILLIAM ROPER, an individual ("Plaintiffs") in the above-entitled action, assert their affirmative defenses and demand a jury, as follows:

## INTRODUCTION

1.      In answering Paragraph 1, Defendants admit that Plaintiffs have filed a civil rights action arising out of a March 9, 2024 incident. Defendants further admit that Ryan Gainer was involved in a shooting on March 9, 2024, and that he is deceased as a result of the shooting. Except as expressly admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, denies generally and specifically each and every remaining allegations contained in Paragraph 1.

2.      In answering Paragraph 2, Defendants admit that San Bernardino County Sheriff Deputies Brandon Clancy and Wyatt Eisenbrey arrived at the Gainer home on March 9, 2024. Defendants further admit Ryan Gainer appeared from inside the house heading toward the front door holding objects in his hand(s). . Except as expressly admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, denies generally and specifically each and every remaining allegations contained in Paragraph 2.

3.      In answering Paragraph 3, Defendants admit San Bernardino County Sheriff's Deputies drew their weapons, and their weapons were fired during an encounter with decedent Ryan Gainer. Defendants further admit decedent Ryan Gainer was struck by at least one bullet. Except as expressly admitted, these

2

1 answering Defendants lack information and belief sufficient to enable them to

2 answer thereto and basing their denial on that ground, denies generally and

3 specifically each and every remaining allegations contained in Paragraph 3.

4     4.    In answering Paragraph 4, these answering Defendants lack

5 information and belief sufficient to enable them to answer thereto, and basing their

6 denial on that ground, denies generally and specifically each and every allegation

7 contained in Paragraph 4.

8     5.    In answering paragraph 5, Defendants admit several patrol cars and an

9 ambulance were present at the Gainer home on March 9, 2024. They further admit

10 that life saving measure were rendered to Ryan Gainer and that Ryan Gainer died

11 from injuries. Except as expressly admitted, Defendants deny the remaining

12 allegations contained in this paragraph.

13     6.    In answering Paragraph 6, Defendants admit Plaintiff Sharon

14 Haywood, Rebecca Gainer and William Roper gave statements to law enforcement.

15 Except as expressly admitted, Defendants deny the remaining allegations contained

16 in this paragraph.

17     7.    In answering Paragraph 7, Defendants deny the allegations in their

18 entirety.

19     8.    In answering Paragraph 8, Defendants admit Plaintiffs have filed a

20 wrongful death and disability action. Defendants further admit Plaintiff seek

21 compensatory and punitive damages, declaratory relief and injunctive relief for

22 alleged violations under the United States Constitution and California state law.

23 Except as expressly admitted, Defendants deny the remaining allegations contained

24 in this Paragraph.

25 **<u>JURISDICTION AND VENUE</u>**

26     9.    In answering paragraph 9, Defendants deny any and all alleged

27 unlawful acts and practices. Defendants admit the remaining allegations in this

28 Paragraph.

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT AND DEMAND FOR JURY

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

10.    In answering paragraph 10, Defendants admit that venue is proper in the United States District Court of the Central District of California. Except as expressly admitted, Defendants currently lack sufficient information to admit or deny these allegations and on that basis alone deny any remaining allegations contained in this paragraph.

## PARTIES

11.    In answering Paragraphs 11, 12, 13, 14 and 15, these answering Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

12.    These answering Defendants admit the allegations contained in Paragraphs 16, 17 and 18.

13.    In answering Paragraphs 19 and 20, these answering Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

## ADMINISTRATIVE PREREQUISITES

14.    These answering Defendants admit the allegations contained in Paragraphs 21, 22 and 23.

## PRELIMINARY ALLEGATIONS

15.    In answering Paragraphs 24, 25, 26 and 27, these answering Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

## GENERAL ALLEGATIONS

16.    In answering Paragraphs 28, Defendants admit that on March 9, 2024, Plaintiff Sharon Haywood called 911. Defendants further admit that on March 9,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2185379-1 SBD-0027                                DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT AND DEMAND FOR JURY

2024, Plaintiff William Roper called 911—and that Plaintiff Rebecca Gainer joined this call at some point in time. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

17.    In answering Paragraphs 29, Defendants admit that on March 9, 2024 Defendant Deputies Clancy and Eisenbrey arrived on scene. Defendants further admit that Deputy Defendants drew their weapons and shouted orders at Decedent Ryan. Defendants admit that Decedent Ryan was holding a hula hoe in his hand. Defendants admit that bullets were fired at Ryan, and struck him. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

18.    In answering Paragraph 30, Defendants lack information and belief sufficient to enable them to answer the allegations in the paragraph and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

19.    In answering Paragraph 31, Defendants admit that additional Sheriff vehicles arrived at the scene. Defendants admit that EMT's arrived at the scene. Defendants admit that Ryan was transported in an ambulance. Defendants admit that Ryan was later pronounced dead. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

20.    In answering Paragraph 32, these answering Defendants lack information and belief sufficient to enable them to answer the allegations in the paragraph and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

21.    In answering Paragraph 33, Defendants admit that Plaintiffs Sharon Haywood, Rebecca Gainer and William Roper gave statements. Defendants admit that Plaintiffs Sharon Haywood, Rebecca Gainer and William Roper were held in custody for a period of time. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5

22.    In answering paragraphs 34, 35, 36, 37, 38, 39, 40, 41 and 42, Defendants deny the allegations in their entirety.

23.    In answering Paragraph 43, Defendants admit that Plaintiff Ryan Gainer died. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

24.    In answering paragraphs 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54, Defendants deny the allegations in their entirety.

## DAMAGES

25.    In answering Paragraphs 55 and 56, these answering Defendants lack information and belief sufficient to enable them to answer the allegations in the paragraph and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

## FIRST CAUSE OF ACTION

26.    In answering Paragraph 57, Defendants repeat each and every response to paragraphs 1-57 of Plaintiff's complaint as if set forth fully herein.

27.    In answering Paragraph 58, Defendants admit that Ryan Gainer would have been a plaintiff in this action if he was not deceased.

28.    Defendants admit the allegations contained in Paragraph 59 and 60.

29.    In answering Paragraph 61, Defendants admit decedent Ryan Gainer had fourth amendment rights provided by the Constitution.

30.    In answering paragraph 62, Defendants Plaintiffs Sharon Haywood and Rebecca Gainer have fourth amendment rights provided by the Constitution.

31.    In answering Paragraphs 63, 64, 65, 66, 67, 68 and 69, Defendants deny the allegations in their entirety.

32.    In answering Paragraph 70, Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT  AND DEMAND FOR JURY

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

2    33.    In answering Paragraph 71, Defendants deny the allegations in their

3    entirety.

4    ## SECOND CAUSE OF ACTION

5    34.    In answering Paragraph 72, Defendants repeat each and every response

6    to paragraphs 1-71 of Plaintiff's complaint as if set forth fully herein.

7    35.    Defendants admit the allegations contained in Paragraph 73 and 74.

8    36.    In answering Paragraphs 75, 76, 77 and 78, Defendants deny the

9    allegations in their entirety.

10    37.    In answering Paragraph 79, Defendants lack information and belief

11    sufficient to enable them to answer thereto, and basing their denial on that ground,

12    denies generally and specifically each and every allegation contained therein.

13    38.    In answering Paragraphs 80 and 81, Defendants deny the allegations in

14    their entirety.

15    ## THIRD CAUSE OF ACTION

16    39.    In answering Paragraph 82, Defendants repeat each and every response

17    to paragraphs 1-81 of Plaintiff's complaint as if set forth fully herein.

18    40.    In answering Paragraphs 83, 84 and 85, Defendants deny the

19    allegations in their entirety.

20    41.    In answering Paragraph 86, Defendants admit that Ryan Grainer lost

21    his life. Except as expressly admitted, Defendants deny the remaining allegations

22    contained in this paragraph.

23    42.    In answering Paragraphs 87, 88, 89, 90, 91 and 92, Defendants deny the

24    allegations in their entirety.

25    ## FOURTH CAUSE OF ACTION

26    43.    In answering Paragraph 93, Defendants repeat each and every response

27    to paragraphs 1-92 of Plaintiff's complaint as if set forth fully herein.

28    44.    In answering Paragraphs 94 and 95, Defendants deny the allegations in

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

their entirety.

45.    In answering Paragraph 96, Defendants admit that Ryan Grainer lost his life. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

46.    In answering Paragraph 97, Defendants deny the allegations in their entirety.

47.    In answering Paragraph 98, 99 and 100 Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

48.    In answering Paragraph 101, Defendants repeat each and every response to paragraphs 1-100 of Plaintiff's complaint as if set forth fully herein.

49.    In answering Paragraphs 102, 103, 104, 105, 106, 107, 108, 109 and 110, Defendants deny the allegations in their entirety.

## SIXTH CAUSE OF ACTION

50.    In answering Paragraph 111, Defendants repeat each and every response to paragraphs 1-110 of Plaintiff's complaint as if set forth fully herein.

51.    In answering Paragraph 112, Defendants admit that Ryan Gainer would have been a plaintiff in this action if he was not deceased.

52.    In answering Paragraph 113, Defendants deny the allegations in their entirety.

53.    In answering Paragraph 114, 115, 116 and 117, Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

54.    Defendants admit the allegations set forth in Paragraph 118.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT  AND DEMAND FOR JURY

55.    In answering Paragraph 19, 120, 121 and 122, Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

56.    Defendants admit the allegations set forth in Paragraph 123.

57.    In answering Paragraph 124, Defendants admit Ryan Gainer was shot by deputies. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

58.    In answering Paragraph 125, 126 and 127, Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

59.    In answering Paragraph 128 and 129, Defendants deny the allegations in their entirety.

## SEVENTH CAUSE OF ACTION

60.    In answering Paragraph 130, Defendants repeat each and every response to paragraphs 1-129 of Plaintiff's complaint as if set forth fully herein.

61.    In answering Paragraphs 131, 132, 133, 134, 135 and 136, Defendants deny the allegations in their entirety.

62.    In answering Paragraph 137, 138 and 139, Defendants lack information and belief sufficient to enable them to answer thereto, and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

63.    In answering Paragraphs 140 and 141, Defendants deny the allegations in their entirety.

## EIGHTH CAUSE OF ACTION

64.    In answering Paragraph 142, Defendants repeat each and every

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1 response to paragraphs 1-141 of Plaintiff's complaint as if set forth fully herein.

2      65.    In answering Paragraphs 143, Defendants admit that Plaintiffs have

3 brought an action pursuant to section 820 and 815.2 of the California Government

4 Code. Except as expressly admitted, Defendants deny the remaining allegations

5 contained in this paragraph.

6      66.    In answering Paragraphs 144, 145, 146, 147, 148, 149, 150, 151, 152

7 and 153, Defendants deny the allegations in their entirety.

8      67.    In answering Paragraph 154 and 155, Defendants lack information and

9 belief sufficient to enable them to answer thereto, and basing their denial on that

10 ground, denies generally and specifically each and every allegation contained

11 therein.

12                          **NINTH CAUSE OF ACTION**

13      68.    In answering Paragraph 156, Defendants repeat each and every

14 response to paragraphs 1-155 of Plaintiff's complaint as if set forth fully herein.

15      69.    In answering Paragraphs 157, Defendants deny the allegations in their

16 entirety.

17      70.    In answering Paragraph 158, Defendants lack information and belief

18 sufficient to enable them to answer thereto, and basing their denial on that ground,

19 denies generally and specifically each and every allegation contained therein.

20      71.    In answering Paragraphs 159, Defendants deny the allegations in their

21 entirety.

22      72.    In answering Paragraphs 160, Defendants lack information and belief

23 sufficient to enable them to answer thereto, and basing their denial on that ground,

24 denies generally and specifically each and every allegation contained therein.

25      73.    Defendants admit that Plaintiffs have brought an action pursuant to

26 section 820 and 815.2 of the California Government Code. Except as expressly

27 admitted, Defendants deny the remaining allegations contained in Paragraph 161.

28      74.    In answering Paragraphs 162, Defendants deny the allegations in their

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

10

1  entirety.

2     75.    In answering Paragraphs 163, Defendants lack information and belief

3  sufficient to enable them to answer thereto, and basing their denial on that ground,

4  denies generally and specifically each and every allegation contained therein.

5     76.    In answering Paragraphs 164, Defendants deny the allegations in their

6  entirety.

7                    **TENTH CAUSE OF ACTION**

8     77.    In answering Paragraph 165, Defendants repeat each and every

9  response to paragraphs 1-164 of Plaintiff's complaint as if set forth fully herein.

10    78.    Defendants admit the allegations contained in Paragraphs 166, 167 and

11  168.

12    79.    In answering Paragraphs 169, 170, 171, 172, 173, 174, 175 and 176,

13  Defendants deny the allegations in their entirety.

14    80.    In answering Paragraph 177 and 178, Defendants lack information and

15  belief sufficient to enable them to answer thereto, and basing their denial on that

16  ground, denies generally and specifically each and every allegation contained

17  therein.

18    81.    In answering Paragraph 179, 180, 181, 182, 183, 184, 185, 186, 187,

19  188, 189, 190 and 191, Defendants lack information and belief sufficient to enable

20  them to answer thereto, and basing their denial on that ground, denies generally and

21  specifically each and every allegation contained therein.

22                  **ELEVENTH CAUSE OF ACTION**

23    82.    In answering Paragraph 192, Defendants repeat each and every

24  response to paragraphs 1-191 of Plaintiff's complaint as if set forth fully herein.

25    83.    Defendants admit the allegations contained in Paragraphs 193, 194 and

26  195.

27    84.    In answering Paragraph 196, Defendants lack information and belief

28  sufficient to enable them to answer thereto, and basing their denial on that ground,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO
COMPLAINT AND DEMAND FOR JURY

1    denies generally and specifically each and every allegation contained therein.

2        85.    Defendants admit the allegations contained in Paragraph 197.

3        86.    In answering Paragraphs 198, 199, 200, 201, 202 and 203, Defendants

4    lack information and belief sufficient to enable them to answer thereto, and basing

5    their denial on that ground, denies generally and specifically each and every

6    allegation contained therein.

7                      **TWELFTH CAUSE OF ACTION**

8        87.    In answering Paragraph 204, Defendants repeat each and every

9    response to paragraphs 1-203 of Plaintiff's complaint as if set forth fully herein.

10        88.    In answering Paragraphs 204, 205, 206 and 207, Defendants deny the

11    allegations in their entirety.

12        89.    In answering Paragraphs 208, 209, 210, 211, Defendants lack

13    information and belief sufficient to enable them to answer thereto, and basing their

14    denial on that ground, denies generally and specifically each and every allegation

15    contained therein.

16                      **PRAYER FOR RELIEF**

17        90. In answering this prayer, Defendants deny that Plaintiffs are entitled to

18    any of the relief requested.

19                  **FIRST AFFIRMATIVE DEFENSE**

20                      **(Failure to State a Claim)**

21        Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of

22    action against these answering defendants.

23                **SECOND AFFIRMATIVE DEFENSE**

24               **(Additional Affirmative Defenses)**

25        Because Plaintiffs' Complaint is couched in conclusory terms, these

26    answering Defendants cannot fully anticipate all of the affirmative defenses that

27    may be applicable to the action, accordingly, the right to assert additional

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT AND DEMAND FOR JURY

affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs failed to mitigate damages, which damages are denied to exist.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Immunity)

Plaintiffs' Complaint was not filed, is not maintained in good faith, and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

These answering Defendants assert that Plaintiffs were negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of Plaintiff's alleged injuries and damages, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against defendants, then defendants pray that the recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to decedent.

## SIXTH AFFIRMATIVE DEFENSE

### (Negligence Per Se)

These answering Defendants assert that any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action therein, is barred in whole or in part by Plaintiff's own conduct, which violated provisions of the Penal Code and, as such, was negligent per se.

## SEVENTH AFFIRMATIVE DEFENSE

### (Immunity from Exemplary Damages)

Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), these answering defendants are not liable for exemplary or punitive damages in any sum, or at all.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

13

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## EIGHTH AFFIRMATIVE DEFENSE

### (No *Monell* Liability)

Plaintiffs' Complaint fails to state a cause of action against these answering Defendants pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) in that there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom or policy.

## NINTH AFFIRMATIVE DEFENSE

### (Immune under Federal Civil Rights Act)

These answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where they reasonably believed their actions were lawful.

## TENTH AFFIRMATIVE DEFENSE

### (No Violation of Federal Civil Rights)

Plaintiffs did not sustain an injury sufficient to give rise to a violation of their federal civil rights.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy, Custom, Usage Not Established)

The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acting in Scope of Employment)

These answering Defendants' employees were at all times mentioned in Plaintiffs' operative complaint and now are duly qualified, appointed, and acting peace officers of the County of San Bernardino, State of California, and that all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as peace officers.

14

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Respondeat Superior Liability)

The doctrine of respondeat superior is not available under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each of Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Cause)

That the actions of these answering Defendants and its employees in all respects were reasonable, proper, and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Immunity under *Harlow*)

Pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), these answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where Defendants acted in good faith and entertained an honest and reasonable belief that their actions were necessary.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunity under *Pierson*)

Pursuant to *Pierson v. Ray*, 386 U.S. 547 (1967), these answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where it acted in good faith and entertained an honest and reasonable belief that their actions were reasonable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Government Code §820.4)

Neither a public entity nor public employee is liable for his or her act or omission exercised in due care, in the execution or enforcement of any law under California Code §820.4.

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO
COMPLAINT  AND DEMAND FOR JURY

## NINETEENTH AFFIRMATIVE DEFENSE

### (Public Entity)

Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

## TWENTIETH AFFIRMATIVE DEFENSE

### (California Government Code)

Plaintiffs' suit is barred by the provisions of California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

These answering Defendants allege that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves these answering Defendants from liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Immunity Under Eleventh Amendment)

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants and said Defendants are immune from liability pursuant to the Eleventh Amendment of the United State Constitution.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

16

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Comply With Tort Claims Act)

Plaintiffs' state law claims are barred because Plaintiffs failed to comply with the California Tort Claims filing requirements set forth in California Gov. Code § 911, et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Liability under *Parratt*)

Plaintiffs' operative complaint does not state facts sufficient to constitute a cause of action against these answering Defendants, because simple negligence is not a federal civil rights violation pursuant to the United States Supreme Court decision in *Parratt v. Taylor*, 451 U.S. 527 (1981).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

Plaintiffs are barred by the qualified immunity doctrine.  These answering Defendants' employees at all times herein mentioned acted reasonably, in good faith, without malice, and within the scope of their duties as sworn peace officer(s) and public officials.  (*Saucier v. Katz*, 533 U.S. 194, 201 (2000).)

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Discretionary Immunity)

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him as set forth in § 820.2 of the Government Code. The Defendant alleges the provisions of the California Tort Claims Act of the California

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO COMPLAINT  AND DEMAND FOR JURY

1  Government Code (Government Code § 810 et seq.) as a measure of the duty of the
2  County of San Bernardino and its employees

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (No Liability for Failure to Furnish Medical Care)

Neither a public entity nor its employees are liable for any injury caused by the failure to furnish or obtain medical care for a prisoner in its custody.

### THIRTIETH AFFIRMATIVE DEFENSE

Any injury to Plaintiffs was due to and caused by the negligence and omissions of the Plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to the Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Defendants are not liable pursuant to the doctrine of assumption of risk.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Health and Safety Code)

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was providing emergency services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Notice Provisions)

To the extent that Plaintiffs' Complaint alleges negligence based upon the acts of a healthcare provider, Plaintiff has failed to comply with the notice provisions of Code of Civil Procedure, § 364.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

18

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

Defendants allege as follows:

A. That at all times material to the Complaint, San Bernardino was and is a municipal corporation duly organized and existing by virtue of the laws of the state of California;

B. That at all times material to the Complaint, certain of San Bernardino's employees and agents were peace officers and police officers employed by San Bernardino; and at all times material to the Complaint, were acting in the course and scope of their public office, service, employment, and agency;

C. That at all times material to the Complaint, Defendants acted in accordance with and pursuant to relevant California Penal Code Sections;

D. That at all times material to the Complaint, certain of San Bernardino's employees and agents had reasonable and probable cause to believe that Plaintiff committed one or more violations of the California Penal Code and California Health and Safety Code;

E. That at all times material to the Complaint, Defendants were acting in good faith and without malice pursuant to the provisions of California Civil Code §§ 43.5(a) and California Government Code Sections 815, 815.2(b), 818, 820.2, 821.6, 844, 844.6, and 845.4; and

That as a consequence of the above, Defendants are immune from liability in this action, and the Plaintiffs' causes of action alleged in the Complaint against Defendants are barred by law.

I2185379-1 SBD-0027

DEFENDANT COUNTY OF SAN BERNARDINO ANSWER TO
COMPLAINT AND DEMAND FOR JURY

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Third Party Immunity)**

Defendant is a public entity and alleges the Complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

By reason of plaintiffs and decedent's own acts and omissions, they are estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

Defendants allege that the City and its employees had legal justification for all of their actions and omissions and therefore the Complaint and each and every cause of action therein is barred.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Lack of Actual Knowledge)**

Plaintiffs have insufficient evidence to prove that Defendants had actual knowledge of a serious risk of harm to Plaintiff and disregarded such knowledge.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Discharge of Obligations)**

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, Defendants allege that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiffs.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

20

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Exhaustion of Remedies)

As a separate and affirmative defense to the Complaint and to the alleged violations of U.S.C. §1983, Defendants allege that Plaintiff has failed to exhaust administrative and/or contractual remedies.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reckless and Wonton)

At all times mentioned in the Complaint, Plaintiffs acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, and wanton and negligent conduct proximately contributed to the injuries and damages sustained or claimed by Plaintiff; that as a consequence, Plaintiffs' claims are barred.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Probable Cause)

At all times material to this action, Defendants had reasonable and probable cause to detain, restrain, and arrest Plaintiff based upon his violations of the California Penal Code and Health and Safety Code.

## PRAYER FOR RELIEF

**WHEREFORE**, these answering Defendants prays:

1. That Plaintiffs take nothing by their Complaint on file herein;

2. For their costs of suit incurred herein;

3. For attorneys' fees, and

4. For such additional remedies as the Court may find just and proper.

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

21

I2185379-1 SBD-0027

1  |  DATED:  August 29, 2024          WESIERSKI & ZUREK LLP

2

3                                                    *Christopher P. Wesierski*

4                                              By: _____

5                                                    CHRISTOPHER P. WESIERSKI
                                                     Attorneys for Defendants, COUNTY OF
6                                                    SAN BERNARDINO; BRANDON
                                                     CLANCY AND WYATT EISENBREY
7

8                          **DEMAND FOR JURY TRIAL**

9              Pursuant to Local Rule 38-1, these answering Defendants hereby demand a

10  jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

11

12  |  DATED:  August 29, 2024          WESIERSKI & ZUREK LLP

13

14                                                  *Christopher P. Wesierski*

15                                             By: _____

16                                                  CHRISTOPHER P. WESIERSKI
                                                    Attorneys for Defendants, COUNTY OF
17                                                  SAN BERNARDINO; BRANDON
                                                    CLANCY AND WYATT EISENBREY

18

19

20

21

22

23

24

25

26

27

28

22

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000